NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.S., | Civil Action No. 20-829 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff M.S. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning September 1, 2012. A hearing was held before ALJ Sharon Allard (the "ALJ") on July 16, 2018, and the ALJ issued an unfavorable decision on November 23, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of November 23, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain exertional and non-exertional limitations. At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform her past relevant work as an office clerk.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act, prior to the date last insured of June 30, 2016.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on four grounds: 1) at step four, the ALJ failed "to properly weigh the opinions of multiple treating providers" (Pl.'s Br. 10); 2) at step four, the ALJ's reasons for discounting Drs. Morgen and Monka's opinions are "illegitimate" (Id.); 3) at step four, the determination as to Plaintiff's credibility is unsupported by substantial evidence; and 4) at step four, the ALJ improperly rejected the evidence provided by Plaintiff's mother.

Plaintiff first argues that, at step four, the ALJ failed "to properly weigh the opinions of multiple treating providers."  (Pl.'s Br. 10)  In short, Plaintiff fails to persuade this Court that the ALJ erred in weighing the medical source opinions, and Plaintiff's argument only asks this Court to re-weigh the evidence, which it may not do.  The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016).  See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is

2

empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") In the instant case, Plaintiff asks this Court to review the step four determination *de novo* and to reweigh the evidence, which it may not do. This Court is authorized only to review the decision under the substantial evidence standard. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") Plaintiff has done no more here than offer attorney argument that this Court should substitute its findings for the Commissioner's. This cannot succeed.

As support for her challenge to the weighing of the evidence, Plaintiff offers only the assertion that the ALJ's reasons for discounting the opinions of Drs. Monka and Morgen were not legitimate and contrary to the Regulations. Dr. Monka completed a physical residual functional capacity questionnaire, dated June 6, 2016, in which Plaintiff was found to have severe limitations to her ability to work. The ALJ discussed Dr. Monka's responses on the questionnaire at two points in the decision. First, at step three, the ALJ considered Dr. Monka's opinions about Plaintiff's non-exertional limitations, and stated that those opinions were given little weight because there was no evidence that, prior to the date last insured, Plaintiff had sought or received treatment for any mental health problems. (Tr. 13.) The ALJ observed that, to the contrary, the primary care records prior to the date last insured provided no evidence of psychiatric impairment prior to that date.

Crucially, Plaintiff's brief does not even challenge the ALJ's statement about the absence of evidence of non-exertional impairments prior to the date last insured. Because this determination is unchallenged, this Court can only find that the ALJ's decision to give little weight to Dr. Monka's opinions about non-exertional limitations is supported by substantial

3

evidence, as it rests on the undisputed factual finding that those opinions are inconsistent with the evidence of record. The ALJ's decision on this matter is in accord with the applicable Regulation – quoted by Plaintiff –, which states:

> If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(c)(2). The ALJ found that Dr. Monka's opinions about non-exertional limitations were inconsistent with the other substantial evidence in the record and gave them little weight. Plaintiff has pointed to no contrary evidence of record. The Court finds no error here.

At step four, the ALJ also considered Dr. Monka's statements made on June 6, 2016. At this step, however, the ALJ focused on Dr. Monka's opinions as to Plaintiff's exertional limitations. The ALJ concluded that, again, Dr. Monka's findings of exertional limitations were inconsistent with the evidence of record from Dr. Monka's clinical contact with Plaintiff. The ALJ supported this with multiple citations to the evidence of record. (Tr. 17-18.) Plaintiff challenges this conclusion on the ground that, Plaintiff contends, it is inconsistent with objective findings in the record. This is problematic for several reasons. First, Plaintiff does not assert any error in the ALJ's conclusion that Dr. Monka's physical capacity conclusions were inconsistent with the records from Dr. Monka's clinical contact with Plaintiff. Plaintiff thus has given this Court no basis to find that the ALJ's conclusion on this point is not supported by substantial evidence. Rather, Plaintiff asks this Court to overrule the ALJ's determination based on other evidence of record, which is the same as re-weighing the evidence, which the Court will not do. Moreover, Plaintiff offers a list of pieces of medical evidence, such as MRI findings,

4

EMG findings, and physician observations. (Pl.'s Br. 16.) Plaintiff does not, however, point to any medical opinion that states an exertional limitation to the ability to work within the proper time period. This Court has no expertise in interpreting MRI and EMG results and relies on the opinions of the medical experts to understand them; Plaintiff has failed to even assert that there is an opinion in the record that supports her disability claim – based on evidence from prior to the date last insured – that the ALJ overlooked.

Plaintiff also contends that the ALJ's reason for giving Dr. Morgen's opinion little weight was not legitimate. The ALJ reviewed the evidence from Dr. Morgen and stated that Dr. Morgen first saw Plaintiff on July 12, 2016 – after the date last insured. (Tr. 13.) The ALJ explained that he gave Dr. Morgen's opinion little weight because it was stated after the date last insured and there was insufficient record evidence of a psychiatric impairment prior to the date last insured. (Id.) Plaintiff has given this Court no basis to conclude that the ALJ's reasons for giving Dr. Morgen's opinion little weight are not legitimate.

Furthermore, Plaintiff concedes that two agency reviewing medical consultants opined that there was no evidence of mental health disability prior to the date last insured. The Court concludes that the Commissioner's determination that Plaintiff was not disabled prior to the date last insured is supported by substantial evidence.

Plaintiff next argues that, at step four, the ALJ made a credibility determination in regard to Plaintiff that is not supported by substantial evidence. Plaintiff's brief fails to make a cognizable argument based on current law. Section 405(g) authorizes judicial review of only factual determinations under the substantial evidence standard. Moreover, on March 26, 2016,[1]

---

[1] Plaintiff applied for benefits on April 25, 2016, and thus SSR 16-3p applies to this case.

the Social Security Administration replaced SSR 96-7p, the Ruling on the subject of credibility determinations, with SSR 16-3p, which expressly abandoned the concept of the credibility determination, stating: "we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term." SSR 16-3p. Plaintiff's challenge to the credibility determination thus lacks a foundation in current law, and this Court will not rule on it.

As to Plaintiff's subjective reports, this Court inquires whether the ALJ's consideration of Plaintiff's subjective reports comports with the policies and procedures stated in SSR 16-3p. The ALJ considered Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms, but concluded that they were inconsistent with the evidence of record. This is compliant with the procedure set forth in SSR 16-3p. It is this factual determination – the inconsistency with the evidence of record – that this Court may review, pursuant to § 405(g), under the substantial evidence standard. Section 405(g), however, does not give the Commissioner the burden of defending determinations made at the first four steps of the analysis. Instead, as will be explained, the law places a two-fold burden on Plaintiff as challenger of the determinations.

Ultimately, Plaintiff's argument that the ALJ erred in considering Plaintiff's reports of her symptoms suffers from two principal defects: 1) it fails to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) it fails to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5

(1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful. It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by this error.

With this foundation, the Court considers Plaintiff's challenge to the ALJ's determination that Plaintiff's characterization of her symptoms was inconsistent with the evidence of record. Plaintiff's brief does no more than level the accusation that the section of the decision that presented this determination is "boilerplate." (Pl.'s Br. 18.) Plaintiff offers no supporting analysis, and this is insufficient under Shinseki: Plaintiff has neither demonstrated that the ALJ erred nor that she was harmed by an alleged error.

Last, Plaintiff points to the fact that the ALJ decided to give little weight to the reports of Plaintiff's mother, yet cites authority only for the proposition that the ALJ *may* consider such evidence. Plaintiff relies on SSR 06-3p which, although rescinded effective March 27, 2017,

applies to Plaintiff's claim, which was filed before that date. Plaintiff's brief quotes the permissive phrasing of SSR 06-3p: this evidence *may* be considered. Plaintiff has pointed to no mandate that requires consideration of evidence from a claimant's mother, nor that requires any explanation of the weight given to such evidence. The ALJ explained that little weight was given to the mother's reports because she is not a physician and her reports were inconsistent with the treatment records prior to the date last insured. (Tr. 16.) Plaintiff has cited no authority to support a finding that there was any error.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                  s/ Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.

Dated: July 9, 2021